**John Brown LEWIS, IV, Plaintiff–Appellant,**

v.

**NFN GREEN; NFN Day; Jane Doe, Defendants–Appellees.**

No. 04–10070.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

DECIDED: June 22, 2004.

John Brown Lewis, IV, Texas Department of Criminal Justice, Institutional Division, Huntsville, TX, for Plaintiff–Appellant.

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

John Brown Lewis, IV, Texas prisoner # 1012766, appeals from the dismissal of his 42 U.S.C. § 1983 lawsuit with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1)-(2). On appeal, Lewis repeats his underlying constitutional claim. The district court correctly held that Lewis's claim is barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as well as under the doctrines of collateral estoppel and *res judicata. See Allen v. McCurry,* 449 U.S. 90, 95–96, 104–05, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Accordingly, Lewis's complaint was properly dismissed as frivolous. *See Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir.1998).

Lewis's appeal is without arguable merit and is frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). We warn Lewis that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; STRIKE WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.